UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Cuttino, | ) | C/A No. 2:14-3833-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| Ronald Hazzard, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Shawn Cuttino, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Georgetown County Detention Center. Plaintiff appears to allege that Defendant Ronald Hazzard, his appointed counsel in his pending state court criminal cases, has violated his constitutional rights.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges, pursuant to § 1983, that Defendant has violated his constitutional rights by denying him his rights of access to the courts, equal protection, to be heard, and to a fair trial. He claims that Defendant has failed to perform his duties on Plaintiff's behalf, refuses to allow Plaintiff to address the courts, harbors prejudice against Plaintiff (because Plaintiff has been writing to the Commission on Lawyer Conduct and the Supreme Court to establish Defendant's misconduct and relieve him from Plaintiff's cases), refuses to use Plaintiff's alibi, has not interviewed the alleged victim, has not explained the law to Plaintiff, fails to disclose evidence, fails to investigate, will not file pretrial motions, will not disclose witness statements, has only visited Plaintiff three times at the jail, refuses to request an audio/videotape from the Georgetown County Detention Center (which allegedly shows Plaintiff's victim shaking Plaintiff's hand and telling Plaintiff that Plaintiff did not try to rob or kill the victim), has a conflict of interest, and violates the lawyer's oath and lawyer's responsibilities. Plaintiff further alleges that Defendant is the solicitor's advocate; Plaintiff and Defendant dislike each other, have argued, and almost got into a physical altercation; Defendant has

2

violated his lawyer's oath and his responsibilities as a lawyer; Defendant stated he was representing someone who was willing to testify against Plaintiff; and Defendant attempted to use the information provided by Defendant's other client to coerce Plaintiff into a confession.

Plaintiff appears to be requesting that this Court direct the state court to appoint him new counsel or otherwise intervene in Plaintiff's pending criminal actions. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].



3

Plaintiff's § 1983 claims against Defendant are also subject to summary dismissal because Defendant has not acted under color of state law.* An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980) [court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) [private attorney]. Further, claims for negligence are not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Therefore, Defendant is entitled to dismissal as to any § 1983 claims.

To the extent Plaintiff is attempting to assert claims of malpractice or negligence under state law, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in

---

*In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

4

controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). However, complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side; see Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978); and here both Plaintiff's Complaint and proposed service documents indicate that the parties to this action are residents of South Carolina. See ECF No. 1 at 3,7; ECF No. 9. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 10, 2014
Charleston, South Carolina

5



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6